IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CHARLES BUSTAMANTE,**

        Plaintiff,

v.                                              No. CIV 00-0593 MV/DJS

**AMERICAN RED CROSS; AMERICAN RED CROSS, MID RIO GRANDE CHAPTER; THOMAS BRANT;** and **NEW MEXICO HUMAN RIGHTS DIVISION.**

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on defendant Thomas Brant's motion to dismiss **[Doc. No. 8]**. The Court, having considered the motion, briefs, relevant law, and being otherwise fully informed, finds that the motion is well taken in part and will be **GRANTED IN PART** and **DENIED IN PART**, as explained below.

## BACKGROUND

According to plaintiff's complaint, defendant American Red Cross, "acting through its supervisor, Defendant Thomas Brant," discharged plaintiff on July 19, 1999. Brant and American Red Cross allegedly "engaged in a discriminatory practice toward Plaintiff, in that they subjected him to ethnic discrimination (discriminated against him in his employment and in discharging him because he was and is Hispanic), and in that they subjected him to age discrimination (discriminated against him in his employment and in discharging him because he was over 70 years old)."

1

On March 10, 2000 Bustamante filed in the District Court of Bernalillo County a notice of appeal and petition for relief from the order of the Human Rights Commission of the New Mexico Department of Labor denying his claim for discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634, and the New Mexico Human Rights Act, N.M. Stat. Ann. § 28-1-1 *et seq.*[1] Bustamante seeks compensatory and punitive damages, costs, and attorney fees. On April 26, 2000, defendants removed Bustamante's action to federal court **[Doc. No. 1]**. Defendant American Red Cross filed its answer on June 23, 2000 **[Doc. No. 1]**. Brant filed his motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), that same day.

## STANDARD OF REVIEW

A court may not dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts supporting its claim that would entitle him to relief. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989) (citation omitted). In considering a Rule 12(b)(6) motion, the court must assume as true all well-pleaded facts and construe them in favor of the plaintiff. *Housing Auth. of Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir. 1991) (citations omitted). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support his claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that [he] has not alleged or that the defendants

---

[1] Bustamante also obtained a right-to-sue notice from the Equal Employment Opportunity Commission.

2

have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). "[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'" *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986)).

## ANALYSIS

Bustamante does not dispute that defendant Brant is entitled to dismissal with respect to Bustamante's Title VII and ADEA claims. The Tenth Circuit has made clear that these statutes preclude personal capacity suits against individuals who do not otherwise qualify as employers, such as individual supervisors. *Butler v. City of Prairie Village*, 172 F.3d 736, 743-44 (10th Cir. 1999); *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996); *Lankford v. City of Hobart*, 27 F.3d 477, 480 (10th Cir. 1994); *Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir. 1993). *See also Silverman v. Progressive Broad., Inc.*, 964 P.2d 61, 65 (N.M. Ct. App. 1998) (applying Tenth Circuit precedent "that it is inappropriate for Plaintiff to seek to hold her former supervisors personally liable because under Title VII the relief granted is against the employer and not against the individual employees whose actions may violate the act"). Because Bustamante alleges that Brant was his supervisor at American Red Cross, and because Brant does not otherwise qualify as an employee under the statutory definitions of Title VII and the ADEA, he must be dismissed with respect to these two federal claims.

Bustamante contends, however, that a different result should attain with respect to his claim under the New Mexico Human Rights Act. Both parties acknowledge that the New Mexico

courts have not resolved whether individual supervisors may be held liable under this statute.

In interpreting the Human Rights Act, the New Mexico Supreme Court has stated that it relies on federal court Title VII decisions for guidance, with the following reservation:

> Our reliance on the methodology developed in the federal courts, however, should not be interpreted as an indication that we have adopted federal law as our own. Our analysis of this claim is based on New Mexico statute and our interpretation of our legislature's intent, and, by this opinion, we are not binding New Mexico law to interpretations made by the federal courts of the federal statute.

*Smith v. FDC Corp.*, 787 P.2d 433, 436 (N.M. 1990), *cited in Gonzales v. New Mexico Dep't of Health*, 11 P.3d 550, 557 (N.M. 2000). Thus, this Court may not automatically apply the Tenth Circuit's rulings in *Butler*, *Haynes*, *Lankford*, and *Sauers* to Bustamante's claim under the Human Rights Act.

There are, of course, similarities between the relevant state and federal statutory provisions. Section 28-1-7(A) of the Human Rights Act "tracks the language of the federal Civil Rights Act of 1964, 42 U.S.C. Section 2000e-2," in making it unlawful for "an employer" to discriminate against a person on the basis of race, age, or national origin (among other factors). *See Smith*, 787 P.2d at 436. Under Title VII the term "employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . ." 42 U.S.C. § 2000e(b). Under the Human Rights Act, the term is defined as "any person employing four or more persons and any person acting for an employer." N.M. Stat. Ann. § 28-1-2(B). Given these general similarities, Brant argues, it is "highly likely" that the New Mexico courts will apply the reasoning of Tenth Circuit to the Human Rights Act as well.

The Court declines to dismiss Bustamante's state-law claim against Brant on this basis.

As Bustamante points out, the New Mexico statute establishes liability for "any person *or* employer" who aids or abets "the doing of any unlawful discriminatory practice." N.M. Stat. Ann. § 28-1-7(I)(1) (emphasis added). The Second Circuit dealt with a very similar set of issues in *Tomka v. Seiler Corp.*, 66 F.3d 1295 (2d Cir. 1995), *abrogated on other grounds by Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998). Like the Tenth Circuit, the Second Circuit held that individual defendants with supervisory control over the plaintiff could not be held personally liable under Title VII. *See id.* at 1314 ("While a narrow, literal reading of the agent clause in § 2000e(b) does imply that an employer's agent is a statutory employer for purposes of liability, a broader consideration of Title VII indicates that this interpretation of the statutory language does not comport with Congress' clearly expressed intent in enacting that statute."). However, like the New Mexico statute here, the New York Human Rights Law makes it unlawful for "any person" to "aid" or "abet . . . the doing of any of the acts forbidden under this article." N.Y. Exec. Law § 296(6).[2] The Second Circuit concluded that the individual defendants whom the plaintiff alleged actually participated in the conduct giving rise to her discrimination claim could be held liable under the state statute. *Tomka*, 66 F.3d at 1317. *See also Dici v. Pennsylvania*, 91 F.3d 542, 552-53 (3d Cir. 1996) (recognizing individual liability under "aiding and abetting" provision of Pennsylvania Human Rights Act, but not under Title VII); *Wallace v. Skadden, Arps, Slate, Meagher & Flom*, 715 A.2d 873, 888-89 (D.C. 1998) (recognizing individual liability under "aiding and abetting" provision of District of Columbia Human Rights Act, but not under Title VII).

---

[2] There is no provision in Title VII proscribing "aiding and abetting."

The Court finds the approach taken by the Second Circuit, the Third Circuit, and the D.C. Court of Appeals to be appropriate here. Bustamante alleges that Brant directly participated in the ethnic and age discrimination against him. Under the New Mexico Human Rights Law, Bustamante is entitled to proceed with his claim insofar as Brant allegedly "aided or abetted" the unlawful discriminatory practices. Brant is not entitled to dismissal on this claim.

## CONCLUSION

**IT IS THEREFORE ORDERED** that defendant Brant's motion to dismiss **[Doc. No. 8]** is hereby **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's Title VII and ADEA claims against Brant are hereby **DISMISSED WITH PREJUDICE**. Brant's motion to dismiss plaintiff's claim against him under the New Mexico Human Rights Act is **DENIED**.

_____
MARTHA VAZQUEZ
U. S. DISTRICT JUDGE

Attorney for Plaintiffs
LOVE AND MCCLELLAND
Jack L. Love

Attorney for Defendants
Claud Eugene Vance